# In the United States Court of Federal Claims

| | |
|---|---|
| **MARK PELLEGRINO,**<br>***Plaintiff,***<br>**v.**<br>**THE UNITED STATES,**<br>***Defendant.*** | No. 26-403<br>(Filed: August 20, 2026) |

*Mark Pellegrino*, *pro se*, for Plaintiff.

*Joseph R. Longenecker*, Trial Attorney, *Jason Bergmann*, Assistant Director, *Joshua Wu,* Deputy Assistant Attorney General, Tax Litigation Branch, *Brett A. Shumate,* Assistant Attorney General, Civil Division, Washington, DC, United States Department of Justice, for Defendant.

## OPINION AND ORDER

On March 10, 2026, Plaintiff Mark Pellegrino, proceeding *pro se*, filed a Complaint initiating the instant action. ECF 1. Plaintiff seeks to proceed *in forma pauperis* (IFP). ECF 6. Plaintiff challenges the IRS's handling of his 2024 tax return and seeks a refund of $48,220. *See* ECF 1 at 2-3. The Government moved to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. ECF 8. For the following reasons, Plaintiff's IFP application (ECF 6) is **DENIED**, the Government's Motion to Dismiss (ECF 8) is **GRANTED**, and this case is **DISMISSED** for lack of subject matter jurisdiction.

## BACKGROUND[1]

Plaintiff alleges he filed his individual tax return for tax year 2024 in April 2025. ECF 1 at 3. Specifically, he filed a Form 1040, a Schedule C form for Mark Pellegrino LLC, a Form 8949 reporting two short-term transactions, and a Schedule D form summarizing those transactions. ECF 1-2 at 4-10. Plaintiff's Form 1040 indicates that he made $0 in wages, took the standard deduction, and had $48,220 in federal tax withheld. ECF 1-2 at 4-5. The Schedule C form indicates that Mark Pellegrino LLC, a real estate business, made $110,417 in gross income and had $85,000 in total expenses, yielding $25,417 in tentative profit. ECF 1-2 at 6. The Form 8949 includes two transactions for

[1] For purposes of the Motion to Dismiss, the Court accepts Plaintiff's undisputed factual allegations as true.

"Real Money Monitized [sic],"[2] one with cost and proceeds of $42,000, and another with cost and proceeds of $66,500, yielding neither capital gains nor losses. ECF 1-2 at 10. The Schedule D form summarizes the $108,500 in costs and $108,500 in proceeds. ECF 1-2 at 8. In this litigation, Plaintiff has provided two Forms 1099-B, which appear to concern these same transactions. *See* ECF 1-2 at 12-15. For the $42,000 transaction, the form lists Mark Pellegrino LLC as the Payer and Chime Financial, Inc. as the Recipient, with both cost and proceeds of $4,200 and "bartering" of $42,000, with no federal tax withheld. *See* ECF 1-2 at 14. The form for the $66,500 transaction lists Truist Bank as the Payer and Mark Pellegrino LLC as the Recipient, with both cost and proceeds of $66,500, and $15,960 in federal tax withheld. ECF 1-2 at 12. In addition to an original Form 1099-MISC, which lists Mark Pellegrino Estate as the Payer and Mark Pellegrino LLC as Recipient with "Other income" of $110,416.67 and $0 in federal tax withheld, ECF 1-3 at 1, Plaintiff has also provided a corrected Form 1099-MISC, which reports $26,500 in federal tax withheld. ECF 1-3 at 28.

Based on Plaintiff's tax return, the IRS determined that Plaintiff would owe $1,083 in taxes, based on $10,817 in taxable income ($25,417 in adjusted gross income from the LLC's tentative business profit, minus the standard deduction of $14,600). *See* ECF 1-3 at 2. Initially, Plaintiff's Record of the Account with the IRS reflected the $48,220 in withholdings Plaintiff had listed on his return, but the IRS later disallowed those withholdings. *See* ECF 16 at 12-13. The IRS disallowed these withholding credits "because it could not verify that it received the Forms 1099 or the withholdings claimed by [P]laintiff." ECF 8 at 4; *see* ECF 16 at 12-13; ECF 1-2 at 11. As a result, the IRS says that Plaintiff still owes $1,083 in taxes. ECF 16 at 12.

## LEGAL STANDARD

This Court, like all federal courts, is a court of limited jurisdiction; its jurisdiction is generally defined by the Tucker Act, 28 U.S.C. § 1491. *See Southfork Sys., Inc. v. United States*, 141 F.3d 1124, 1132 (Fed. Cir. 1998). The Tucker Act grants this Court "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States... in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Because "[t]he Tucker Act does not, of itself, create a substantive right enforceable against the United States... the plaintiff must identify a separate contract, regulation, statute, or constitutional provision that provides for money damages against the United States." *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (citation omitted). The Court has jurisdiction to adjudicate claims for a federal tax refund. 28 U.S.C. §§ 1491, 1346(a)(1); *see Ledford v. United States*, 297 F.3d 1378, 1382

[2] Plaintiff does not explain the nature of these transactions or the meaning of the phrase "Real Money Monitized." The Government does not know what the phrase means, but it cites a case rejecting a plaintiff's similarly worded theory that denies that banks can require repayment of loans in dollars. ECF 8 at 3 n.4 (citing *Buczek v. Trans Union LLC*, No. 05-80834, 2006 WL 3666635, at *3-*5 (S.D. Fla. Nov. 9, 2006)).

(Fed. Cir. 2002). To bring a suit for tax refund in this Court, a taxpayer must first pay the assessed tax deficiency in full. *See Flora v. United States*, 357 U.S. 63, 75-76 (1958), *aff'd on reh'g*, 362 U.S. 145 (1960). This "full payment requirement" is jurisdictional, *Diversified Grp. Inc. v. United States*, 841 F.3d 975, 981 (Fed. Cir. 2016), and applies to tax refund suits brought in this Court under Section 1491, *Shore v. United States*, 9 F.3d 1524, 1526 (Fed. Cir. 1993).

Court of Federal Claims Rule 12(b)(1) permits dismissal for lack of subject matter jurisdiction.[3] If the Court determines that it lacks subject matter jurisdiction, it must dismiss the action. Rule 12(h)(3); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Although *pro se* litigants are generally held to a lower standard in pleading, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980), they nonetheless "bear[] the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). When considering whether dismissal for lack of subject matter jurisdiction is proper, the Court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The Court may, however, "inquire into jurisdictional facts" to determine whether it has jurisdiction. *Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991).

## DISCUSSION

Plaintiff seems to argue that the *Flora* full payment requirement is satisfied by the IRS's initial recording of his claimed withholdings, and that the IRS "cannot create a debt by deleting a verified credit." ECF 14 at 2. Not so. *Flora* requires not merely that Plaintiff *alleges* that he has paid, but that he must *actually pay* the assessed tax. It does not matter that Plaintiff argues he should have no tax liability. *See Est. of Armitage v. United States*, 176 Fed. Cl. 199, 203 (2025) ("[Plaintiff]'s self-assessed tax liability … does not eclipse the IRS's official assessment."). "[T]here is a strong presumption that the assessment of taxes owed as determined by the Commissioner of Internal Revenue is correct." *KFOX, Inc. v. United States*, 510 F.2d 1365, 1369 (Ct. Cl. 1975) (citing *Welch v. Helvering*, 290 U.S. 111, 115 (1933)). And here, the IRS Record of Account reflects that Plaintiff's supposed withholding credit was eliminated because the IRS could not verify it. ECF 16 at 13; *see also* ECF 1-2 at 11. This is at least in part because the IRS does not have a record of receiving the relevant Forms 1099 from Plaintiff at the time of filing. *See* ECF 1-3 at 3-4 (IRS Wage and Income Transcript listing three Forms 1099, none of which align with the forms Plaintiff provided in this case); *see also* ECF 8 at 4 (Government representing that the IRS never received the relevant Forms 1099). That leaves Plaintiff with a tax deficiency of $1,083 on his IRS Record of Account. ECF 16 at 12.

Plaintiff argues that his Forms 1099-B and 1099-MISC demonstrate that $48,220 was designated as federal tax withholding. *See* ECF 1 at 2-3. The first Form 1099-B,

[3] Court of Federal Claims Rule 12(b)(1) is the same as Federal Rule of Civil Procedure 12(b)(1). *Compare* RCFC 12(b)(1) *with* Fed. R. Civ. P. 12(b)(1).

involving a transaction from Truist Bank to Mark Pellegrino LLC, includes $15,960 as federal income tax withheld. ECF 1-2 at 12. The second Form 1099-B, involving a transaction from Mark Pellegrino LLC to Chime Financial, Inc., lists no federal income tax withholdings, $4,200 in "Proceeds" and $42,000 as "Bartering." ECF 1-2 at 14. The corrected Form 1099-MISC, involving a transaction from Mark Pellegrino Estate to Mark Pellegrino LLC, lists $26,500 in federal income tax withholdings, and $110,416.67 in "Other income." ECF 1-3 at 28. This figure is consistent with Plaintiff's Schedule C filed for his LLC. *See* ECF 1-2 at 6. In total, these three forms list $42,460 in federal withholdings (or $46,660 if the "Proceeds" are reinterpreted as withholdings), which is inconsistent with the $48,220 Plaintiff reported on his tax return.

Plaintiff's evidence is unpersuasive for two primary reasons and is insufficient to overcome the presumption that the IRS's calculations are correct. First, the Government has raised compelling objections to the authenticity of the forms. *See* ECF 8 at 3-4. For example, the second Form 1099-B lists Mark Pellegrino LLC as the *payer* and Chime Financial, Inc. as the *recipient*, which is irregular. *See* ECF 1-2 at 14. When an individual sells an asset, they are the one *receiving* income from that sale, from which taxes may be withheld on their behalf. *See* ECF 1-2 at 14 (instructing that brokers must report proceeds from transactions *to* recipients). In addition, the two Forms 1099-B—allegedly from different financial institutions—were both prepared on Tax1099.com and involve assets described as "Real Money Monetized," which is an unknown asset class. *See* ECF 1-2 at 12, 14. Second, even setting aside the questionable authenticity of the forms, there is a fatal flaw: Plaintiff's Tax Identification Number (TIN) is not listed on any of these forms, and he is not listed in his individual capacity as a party to any of the transactions. *See* ECF 1-2 at 12, 14; ECF 1-3 at 28. Because Plaintiff is not identified as a party to the transactions, and his personal TIN is not listed,[4] the forms do not support any inference that any money was withheld on Plaintiff's behalf for federal taxes. Because the IRS says it has not received any withholdings from Plaintiff, and Plaintiff has not produced any evidence that he made any payments to the IRS for the 2024 tax year, this claim must be dismissed for lack of jurisdiction. *See Flora*, 362 U.S. at 177.

Plaintiff's claim must also be dismissed because it is malicious. Under 28 U.S.C. § 1915(e)(2)(B)(i), the Court must dismiss an action by a plaintiff seeking IFP status if the action is "frivolous or malicious." A complaint is malicious if it is "plainly abusive of the judicial process." *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981). "[N]o one, rich or poor, is entitled to abuse the judicial process." *Hardwick v. Brinson*, 523 F.2d 798,

---

[4] Per Plaintiff's Form 1040, the last four digits of Plaintiff's social security number are 5940. ECF 1-2 at 4. The last four digits of the recipient's TIN on the Truist Bank 1099-B are 9183, ECF 1-2 at 12, which match the last four digits of the employer identification number associated with the Mark Pellegrino LLC, as listed on Plaintiff's Schedule C. ECF 1-2 at 6. The last four digits of the recipient's TIN on the Chime Financial, Inc. 1099-B are 5388. ECF 1-2 at 14. And finally, though the recipient's TIN is redacted on the corrected 1099-MISC submitted by Plaintiff, *see* ECF 1-3 at 28, the uncorrected version of that form lists the recipient TIN ending in 9183, consistent with Mark Pellegrino LLC, *see* ECF 1-1 at 16, and the recipient is identified as Mark Pellegrino LLC.

800 (5th Cir. 1975). This is Plaintiff's second case in this Court where he claims to be owed tax refunds from the Government based on suspicious, unexplained transactions involving entities that bear his name. *See Pellegrino v. United States*, 178 Fed. Cl. 759 (2025). The previous matter was dismissed for failure to state a claim, because he did not provide information to substantiate the millions of dollars he claimed to be owed. *See Pellegrino*, 178 Fed. Cl. at 762. Now, Plaintiff is trying again, seeking a smaller amount, but still never explaining the basis for his alleged transactions. These claims abuse the judicial process and waste this Court's resources. Accordingly, the Court finds that the present case is malicious, under 28 U.S.C. § 1915(e)(2)(B)(i), which provides a separate and independent basis for dismissing this case.

In accordance with that conclusion, the Court will also deny Plaintiff's request for IFP status. "Receiving IFP status is a privilege, not a right, and the decision to allow a litigant to proceed in such status is committed to the courts' sound discretion." *Nagy v. United States*, No. 23-0505, 2023 WL 4677033, at *2 (Fed. Cl. July 20, 2023) (citing *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)). "Section 1915 permits, but does not require, a court to allow a party to proceed without paying the requisite fees." *Chamberlain v. United States*, 655 F. App'x 822, 825 (Fed. Cir. 2016). Plaintiff was granted IFP status in his previous case. *See Pellegrino*, 178 Fed. Cl. at 763. But at no point in this case or his previous case has Plaintiff attempted to explain the incongruence between his indigent status and the purportedly significant transactions being conducted by entities bearing his name. And this Court has often denied IFP status when the action before it was deemed frivolous or malicious under Section 1915. *See, e.g.*, *Manning v. United States*, 123 Fed. Cl. 679, 684 (2015) (holding that the Court may not grant an IFP application after finding a case to be frivolous or malicious); *Maat El v. United States*, No. 24-1563, 2024 WL 4851311, at *4 (Fed. Cl. Nov. 21, 2024) ("The Complaint's frivolousness also justifies denying [plaintiff]'s request to proceed IFP."); *Santiago v. United States*, 180 Fed. Cl. 399, 404 (2026) ("[A]s the present action is frivolous, the Court denies Plaintiff's IFP Motion."); *Santini v. United States*, 173 Fed. Cl. 724, 728 (2024) (denying IFP status due to malicious nature of complaint). Therefore, the Court will exercise its discretion to deny Plaintiff's request for IFP status.

## CONCLUSION

Accordingly, Plaintiff's IFP Application (ECF 6) is **DENIED**, the Government's Motion to Dismiss (ECF 8) is **GRANTED**, and this case is **DISMISSED** for lack of subject matter jurisdiction. The Clerk is directed to enter judgment accordingly. Further, the Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this decision would not be taken in good faith.

**IT IS SO ORDERED.**

PHILIP S. HADJI
Judge